IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARSHAL JENKINS,

    Plaintiff,

vs.

TIMELY CONSTRUCTION LLC, and MARIO AVERSANO, Individually,

    Defendants.

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MARSHAL JENKINS ("Mr. Jenkins," or "Plaintiff") sues Defendants TIMELY CONSTRUCTION LLC, ("TIMELY"), and MARIO AVERSANO, ("Mr. Aversano") (collectively "Defendants"), and states:

**NATURE OF ACTION**

1. This action is for unpaid overtime compensation arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA").

**PARTIES**

2. At all times material hereto, Plaintiff was a resident of Lee County, Florida, in the Middle District of Florida.

3. TIMELY was, and continues to be, a Florida limited liability company, engaged in the transaction of business in Lee County, Florida, with its principal place of business located at 1234 Sabal Gardens Dr., North Fort Myers, FL 33903.

4.      Defendant, Mr. Aversano, was, at all times material, the Manager of TIMELY. Upon information and belief, Mr. Aversano is a resident of Lee County, Florida.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the FLSA.

6.      Defendants are engaged in the business of providing construction and remodeling services in Lee County. Defendants' business activities within this judicial district are substantial and not isolated.

7.      The Middle District of Florida is the proper venue for this action because the events giving rise to the claim occurred in the judicial district.

## FLSA COVERAGE

**I.      Enterprise Coverage**

8.      At all times material to this action, within the meaning of the FLSA, Defendants were Plaintiff's "employer" and Plaintiff was an "employee" of Defendants.

9.      At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials moved through interstate commerce, including, but not limited to, vehicles, tools, drywall, plumbing fixtures, and construction materials. The employees' services, including Plaintiff, were used directly in furtherance of Defendants' commercial activities.

10. At all times material, Defendants had gross sales volume of at least $500,000.00 annually.

11. At all times material, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

**II.     Individual Coverage**

12. The FLSA individually covers Plaintiff because he was "engaged in commerce." Specifically, a substantial portion of Plaintiff's duties required communication with out-of-state customers, vendors, and suppliers. Plaintiff also regularly and recurrently used goods that traveled through interstate commerce to perform his work including drywall, plumbing supplies, fixtures, paint, and tools.

13. At all times material hereto, the work performed by the Plaintiff was essential to the business conducted by Defendants.

**III.    Individual Liability – Defendant Mr. Aversano**

14. At all times material hereto, Mr. Aversano was the Manager of TIMELY.

15. At all times material, Mr. Aversano regularly held and/or exercised the authority to hire and fire employees, to determine the work schedules for the employees, and to control the finances and operations of TIMELY.

16. By virtue of having held and/or exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of TIMELY, Mr. Aversano is an employer as defined by 29 U.S.C. § 201, et. seq.

## FACTS

17. TIMELY is a residential and commercial contractor doing business in Southwest Florida.

18. TIMELY is owned and qualified by Sereina Huwiler, License Number CGC 1537532. However, at all times material to this Complaint, TIMELY was operated and managed by Defendant Aversano.

19. In or around January 2025, Defendants hired Plaintiff as a laborer at $25 per hour.

20. Plaintiff's primary duty was to perform the manual labor on Defendants' customers' homes. These projects were typically high-end residences.

21. Plaintiff's regular schedule was 7 AM to 7 PM, Monday through Saturday. On average, Plaintiff worked 70-80 hours per week.

22. Plaintiff was instructed by Defendant Aversano to record his time when he arrived at the first job site and only the time spent working at the jobsites. Plaintiff was not permitted to record his time working in the morning when he was on the call with Mr. Aversano or travel between jobsites throughout the day.

23. Plaintiff was paid straight time for the hours he was permitted to record.

24. Although Plaintiff was required, permitted, or encouraged to work more than forty hours per week, he was not paid overtime.

25. Plaintiff's employment ended in or around July 2025.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

26. Plaintiff realleges Paragraphs 1 through 25 as if fully stated herein.

27. Plaintiff worked more than forty (40) hours in one or more workweeks during his employment.

28. Defendants failed or refused to compensate Plaintiff overtime wages calculated at 1.5 times the regular rate for all hours worked.

29. Defendants violated 29 U.S.C. § 207 of the FLSA by failing to pay overtime wages to Plaintiff.

30. Defendants knew its policy and practice for Plaintiff's compensation violated the FLSA overtime provisions. Defendants also acted willfully or with reckless disregard of the FLSA because Defendants knew its practice violated the law and continued implementing the unlawful practice. Despite the actual knowledge, Defendants failed to pay Plaintiff overtime compensation as required by the FLSA.

31. Pursuant to 29 U.S.C. 216 (b), Plaintiff seeks unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff respectfully requests the following relief:

    a. A declaration that Defendants have violated the overtime provisions of 29 U.S.C. § 207,

    b. Unpaid overtime compensation,

    c. Liquidated damages,

  d. Attorney fees and costs pursuant to 29 U.S.C. § 216(b), and

  e. Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: October 8, 2025    Respectfully Submitted,

    /s/ Jason L. Gunter
    Jason L. Gunter
    Fla. Bar No. 0134694
    Email: Jason@GunterFirm.com
    Conor P. Foley
    Fla. Bar No. 111977
    Email: Conor@GunterFirm.com
    Peter M. Jennings
    Fla. Bar No. 1054512
    Email: Peter@GunterFirm.com

    **GUNTERFIRM**
    2165 W. First St., #104
    Fort Myers, FL 33901
    Tel: 239.334.7017